IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TRENT RUSSELL,<br><br>　　　　　　*Defendant*. | Criminal No. 1:23-CR-195<br><br>The Honorable Michael S. Nachmanoff<br><br>Trial Date: July 29, 2024 |

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO
DEFENDANT'S HEARSAY INTERVIEW STATEMENTS**

The United States of America, by and through its undersigned counsel, hereby files this motion *in limine* to prevent defense counsel from referring to, introducing, stating, suggesting, mentioning, arguing, alluding to, inferring, commenting, or asking cross-examination questions that seek to introduce the defendant's non-self-inculpatory interview statements.

Where, as here, the defendant made a potentially exculpatory statement in his interview with law enforcement, he is barred from eliciting that statement from the government's witnesses. While the government is free to introduce against the defendant his own statements in accordance with Federal Rule of Evidence 801(d)(2), the defendant may not use his own prior statements even where the government introduced only incriminating portions of them. *See Williamson v. United States*, 512 U.S. 594, 600-601 (1994). When offered by the defendant, those statements are inadmissible hearsay, and no exception applies. *See* Fed. R. Evid. 801-803.

Nor does the "rule of completeness" allow the defendant to introduce portions of his out-of-court statements not offered by the United States. Fed. R. Evid. 106. This rule simply allows an adverse party to require that other *admissible* evidence be introduced at the same time if

fairness so requires, particularly to clarify or explain content already admitted, or prevent the jury from being misled. *See United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014). However, "the rule of completeness does not 'render admissible . . . evidence which is otherwise inadmissible under the hearsay rules.'" *Id.* (quoting *United States v. Lentz*, 542 F.3d 501, 526 (4th Cir. 2008)). "Nor does the rule of completeness 'require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party.'" *Id.*

On July 25, 2024, defense counsel made an untimely Rule 16 production of an exhibit, which was also untimely pursuant to the Court's pre-trial order setting deadlines for exhibits. *See* ECF No. 45 at 3 (setting fifteen business days before trial as deadline for production of trial exhibits). This exhibit clarified that one of the defendant's defenses at trial is likely to be that he shared his hospital login credentials with someone else, who must have committed the unauthorized access to the victim's medical information. In his statement to law enforcement, the defendant made the same claim. However, that statement is inadmissible if elicited by defense counsel during cross-examination of the government's witnesses. The defendant's untimely exhibit is also irrelevant and likely inadmissible unless he testifies to authenticate it. Unless defense counsel has an independent, good-faith basis for believing that evidence supporting this defense will be admitted – for example, he is prepared to represent before opening statements that his client will without question testify at trial – he should be precluded from mentioning this supposed defense during opening statements or attempting to elicit it on cross-examination.

Because the assertion of the sharing of hospital log-in credentials is not supported by evidence admissible by the defendant at trial, the defendant should be barred from mentioning it in all phases of trial, including opening statement.

Respectfully submitted,

Jessica A. Aber
United States Attorney

By:     /s/
Laura D. Withers
Zoe Bedell
Assistant United States Attorneys
Eastern District of Virginia